[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, the City of Cincinnati Civil Service Commission ("the Commission"), appeals from the judgment of the trial court adopting the magistrate's decision that reversed the Commission's decision to demote plaintiff-appellee, Susan Utt, and that ordered Utt restored to her previous position within the city of Cincinnati. For the following reasons, we affirm the judgment of the trial court.
In its single assignment of error, the Commission maintains that the trial court abused its discretion in adopting the magistrate's decision, when there was a preponderance of reliable, probative and substantial evidence to support the Commission's decision to demote Utt.
Our review of the record reveals that the Commission failed to file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides in part that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." The Ohio Supreme Court recently held that, pursuant to Civ.R. 53(E)(3)(b), a party waives any right to assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law by a magistrate, unless that party timely objected to that finding or conclusion.[1] Accordingly, the Commission's failure to file objections to the magistrate's decision precludes us from reaching the merits of its assignment of error.
While we cannot reach the merits of the Commission's assignment of error, we note that Civ.R. 53(E)(4)(a) permits a trial court to adopt a magistrate's decision when no objections have been filed, "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The Commission has not argued on appeal any error of law or defect on the face of the magistrate's decision, and we do not find any. Accordingly, the trial court did not abuse its discretion in adopting the magistrate's decision.
The judgment of the trial court is affirmed.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] See State ex rel. Booher v. Honda of America Mfg., Inc. (2000),88 Ohio St.3d 52, 723 N.E.2d 571.